(161 App. Div. 335)

## WOOD v. SHERWOOD.

(Supreme Court, Appellate Division, Third Department. March 13, 1914.)

1. SALES (§ 405*)—CONTRACT—BREACH.

Provision in a contract of sale of young apple trees, "Any stock that does not prove to be true to name as labeled is to be replaced free or purchase price refunded," applies only to incidental errors, and does not bar recovery of damages for substantial breach of the contract as to kinds of trees furnished.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1147–1155; Dec. Dig. § 405.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, &·Rep'r Indexes

2. EVIDENCE (§ 13*)—JUDICIAL NOTICE.

Judicial notice cannot be taken that "Delaware Reds" are not common fruit.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 18; Dec. Dig. § 13.*]

3. SALES (§ 181*)—BREACH—EVIDENCE.

Evidence, in an action for breach of contract of sale of young apple trees, they to be three certain varieties, *held* insufficient to show a substantial breach thereof, as to varieties.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 473–491; Dec. Dig. § 181.*]

Appeal from Trial Term, Clinton County.

Action by Mary Wood, administratrix of Joseph Wood, deceased. against Elmer Sherwood. From a judgment for plaintiff, and from an order denying a motion for new trial, made on the minutes, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Agnew & Agnew, of Plattsburgh (David H. Agnew, of Plattsburgh, of counsel), for appellant.

John B. Riley, of Plattsburgh (Ernest C. Gordon, of Plattsburgh, of counsel), for respondent.

WOODWARD, J. The complaint in this action alleges that "within the six years last past plaintiff ordered from defendant, and defendant sold and delivered to plaintiff, upwards of 300 apple trees, and plaintiff caused the same to be transplanted on his farm in the town of Schuyler Falls, and has since expended much time and money in the care and cultivation of the same;" that "plaintiff ordered and defendant agreed to deliver to plaintiff trees of the varieties known as McIntosh Reds, Delaware Reds, and Fameuse, and represented the trees so delivered to plaintiff to be trees of said varieties, and plaintiff relied upon such representations, paid the defendant the agreed price therefor, and set out the same, and has ever since cultivated and cared for them, believing that they were McIntosh Reds, Delaware Reds, and Fameuse trees;" that "plaintiff has recently discovered that said trees were not Fameuse or McIntosh Reds or Delaware Reds, but were of other varieties known as Ben Davis and others that are unprofitable to cultivate and maintain as an orchard for growing apples for profit." The complaint then alleges on information and belief that the usual crop of apples, "if said trees had been McIntosh Reds, Delaware Reds, and Fameuse, as represented by defendant, would have been worth when said trees are full grown, each year, $300 more than will be produced by the kinds of trees delivered to the plaintiff, and that plaintiff has and will suffer loss and damage in consequence thereof in the sum of $600." The same facts are realleged in two other counts, upon different theories of damages, but these are not material to the determination of the appeal.

The defendant, answering the complaint, "admits that during the years 1907, 1908, and 1909 he sold and delivered to the plaintiff a num-

ber of apple trees; that a part of said trees were to be and were of the varieties known as McIntosh Reds, Delaware Reds, and Fameuse; and that the plaintiff has paid the defendant on account of said trees the sum of $33.20," and that the defendant "further admits that a part of the trees ordered by the plaintiff of the defendant were to be of the varieties known as McIntosh Reds, Delaware Reds, and Fameuse. (2) Further answering said complaint, the defendant denies knowledge or information sufficient to form a belief as to each and every allegation therein contained, not hereinbefore specifically admitted or denied."

[1] The defendant then sets up a separate defense, alleging that a condition of the contract under which the plaintiff purchased was that "any stock that does not prove to be true to name as labeled is to be replaced free or purchase price refunded," and then offers and pays into court upon the trial the amount of the purchase price, together with a sum sufficient to pay the interest, and then, "further answering said complaint, defendant denies, upon information and belief, each and every allegation therein contained, not hereinbefore admitted."

We are of the opinion that the affirmative defense pleaded is of no value to the defendant, unless it appears from the evidence that there was a substantial performance of the contract on his part; the clause permitting replacements or the refunding of the money being intended merely to provide for incidental errors in the delivery of the trees and not to an entire failure to perform the conditions of the contract. Sanford v. Brown Bros. Co., 134 App. Div. 652, 119 N. Y. Supp. 333.

[2, 3] We come, then, to the question of whether the plaintiff has established the cause of action alleged, this question being presented by the motion to dismiss at the close of the evidence and by the motion for a new trial; both of these motions having been denied, the defendant taking exceptions. It will be recalled that the complaint alleged the purchase from the defendant of upwards of 300 trees, and that it was agreed that these trees should be of the varieties known as McIntosh Reds, Delaware Reds, and Fameuse; and the answer admitted that this was the contract entered into between the parties. The complaint also alleged that the "plaintiff has recently discovered that said trees were not Fameuse or McIntosh Reds or Delaware Reds, but were of other varieties known as Ben Davis and others," and this allegation is denied, so the plaintiff, in order to establish any cause of action for a breach of the contract which, as we have seen by its terms, is one to be satisfied with substantial performance, must show that a substantial proportion of the trees delivered by the defendant were not of the varieties known as McIntosh Reds, Delaware Reds, and Fameuse, for it is still necessary that judgments should be rendered in conformity with the allegations and proofs of the parties; secundum allegata et probata is fundamental in the administration of justice. Wright v. Delafield, 25 N. Y. 266, 268. The defendant admitted the selling of the Fameuse, the Delaware Reds, and the McIntosh Reds, just as alleged in the complaint; and the plaintiff testified that he could not remember just how many trees he purchased since 1906.

"In 1906," he says, "I had two orders, 37 trees; they were to be McIntosh Reds and Fameuse; in 1907, 100; in 1908, 65; in 1909, 30." This makes a total not upwards of 300 but of 232, and the witness says he has not purchased any since 1909, and he says, "I purchased Fameuse and McIntosh Reds from him;" but he alleged in his complaint that he purchased Delaware Reds, and this fact was admitted, and the only trees which he specifically says were to be McIntosh Reds and Fameuse were the 37 trees purchased in 1906, so we must assume that the other 195 were either to be Delaware Reds or of the other two varieties alleged in the complaint; and the record will be searched in vain for any evidence that all of the trees in this orchard, with the exception of one Ben Davis tree, were not comprised within these three varieties, for this court can hardly take judicial notice that Delaware Reds are not common fruit, if it can be said that there is any real evidence that any part of the trees were in fact common fruit. No one of the witnesses claimed to be able to distinguish between the kind of trees before they bore fruit, and the plaintiff testified:

"I could not tell how many of these trees have borne fruit because I have not counted them. As near as I can tell, near enough, 25."

This was certainly indefinite enough, although it might have been "near enough" to suit the plaintiff's purposes; and he then tells us that:

"One variety is Ben Davis; the rest I cannot tell you. I know the McIntosh Reds and Fameuse. There are none of them,"

—referring, we suppose, to the trees which have borne fruit, for it immediately follows his guess of 25 bearing trees in the record, and then he adds:

"I did not buy any Ben Davis; they are not worth while cultivating and growing."

There is a suggestion in the evidence, but not very direct, that there was one Ben Davis apple tree upon the plaintiff's premises; certainly there is no evidence which would warrant any one in concluding that there were any more. One witness, it is true, testifies that he visited the orchard in question, and that there "are no Fameuse or McIntosh Reds among those trees"; but he admitted immediately afterwards that he could not distinguish "the McIntosh Reds from Fameuse or common fruit by going through his orchard," but said that he formed his judgment from the fruit which he picked up under the trees, and that:

"There was one tree we got Ben Davis from. The rest of them I don't know what variety they are. They are good for nothing, common fruit."

But all of this must be referred to the 25 trees more or less out of the orchard which had borne fruit, and there is not a particle of evidence that the so-called common fruit is not the Delaware Reds alleged in the complaint, with the exception that the plaintiff testified that there is "one other tree in the young orchard than those purchased from Sherwood, an early apple tree, an old tree;" and there is nothing to show that the witness Weaver, who was clearly testifying as the

wise farmer of the neighborhood rather than from any definite knowledge of the facts, did not pick up some of his sample apples, from under this very tree.

The fact, if it is a fact, that out of the 25 more or less bearing trees there were no Fameuse or McIntosh Reds, and that there was one Ben Davis, the others not being known to the witness, does not establish a breach of the contract alleged by the plaintiff, for it fails entirely to negative the presumption that substantially all of the other trees were Delaware Reds. The only positive evidence of the purchase of Fameuse and McIntosh Reds is given by the plaintiff, who says that he purchased 37 trees in 1906, and that these were to be of those varieties, and, if none of these were found among the 25 bearing trees, it would not establish that there were not the required number in the orchard, especially where it does not appear that the bearing trees were the ones which were labeled as belonging to these varieties. Concededly there were to be Delaware Reds among the trees sold and delivered to the plaintiff; the complaint alleges this; and the allegation is specifically admitted by the defendant, so that this fact is established beyond controversy; and, until the plaintiff has established that the orchard is not made up substantially of the three varieties which he says he purchased from the defendant, he has failed to make out the breach of the contract which he has alleged, and he has no right to any damages. The presumption must be that the defendant has delivered the goods contracted to be delivered, and evidence that out of a group of 25 trees, in an orchard of several hundred, there are no trees of two of the varieties is not meeting the burden of proof; is not furnishing any proof whatever of a violation of the contract.

The court disapproves of the findings of fact that the defendant failed to perform the contract, and that the plaintiff suffered damage.

The judgment and order appealed from should be reversed, with costs. All concur.